FILED
AUG 20 2018
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRUCE JEFFRIES, )
)
)
Petitioner, )
)
v. ) Civil Action No. 1:18-cv-01809 (UNA)
)
UNITED STATES BUREAU OF PRISONS, )
)
Respondent. )
)

## MEMORANDUM OPINION

This matter is before the Court on petitioner's application to proceed *in forma pauperis* and his *pro se* petition for a writ of mandamus ("Pet."), in accordance with 28 U.S.C. § 1361. Petitioner is a prisoner designated to Morgantown Federal Correctional Institution ("FCI Morgantown") in West Virginia. Pet. at caption, 2 ¶ 3.

Petitioner alleges that his wife came to visit him on January 28, 2018 at FCI Morgantown. *Id.* at 2 ¶ 3; 3 ¶ 1. He further alleges that, despite pre-approval, his wife was prevented from bringing her companion/service dog and the dog's food bowl for purposes of the visit. *Id.* Petitioner states that he attempted to calmly discuss the matter with various correctional officers. *Id.* at 3 ¶ 1. Prison personnel apparently disagreed that the interaction was calm, instead citing petitioner with infraction(s), which petitioner alleges are memorialized in two separate incident reports. *Id.* at 3 ¶¶ 1-2; 5 ¶ 2; 6 ¶ 1. Petitioner alleges that he received only one of the two incident reports prior to his Unit Discipline Committee ("UDC") hearing, which took place on January 31,

2018. *Id.* As a result of the hearing, sanctions were imposed, and petitioner lost 45 days of visitation and 30 days of phone privileges. *Id.* at 3 ¶ 2. Petitioner now alleges that he was denied due process and was unable to adequately prepare for his UDC hearing because he was only timely served with the first of the two incident reports. *Id.* at 3 ¶ 1-2; 5 ¶ 2; 6 ¶¶ 1-2; 7 ¶ 2.

Petitioner attaches the two incidents reports as exhibits ("Exs.") to his petition. Exs. A, B. Both incident reports are dated January 28, 2018 at 6:33 p.m. The two incident reports are absolutely undistinguishable, excepting that the first report cites petitioner with "refusing to obey," and the second report cites petitioner with "refusing to obey an order." The second report also contains the UDC findings. The citation type, number, and incident description, as well as all other relevant details, are identical. There are no substantive differences between the incident reports. *Id.*

A writ of mandamus "compel[s] an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "[M]andamus is 'drastic'; it is available only in 'extraordinary situations.'" *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citations omitted). Only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff," *Thomas v. Holder*, 750 F.3d 899, 903 (D.C. Cir. 2014), is mandamus relief granted.

Petitioner addresses none of these elements, and thus fails to meet his burden. Furthermore, "[i]t is well-settled that a writ of mandamus is not available to compel discretionary acts," and petitioner does not demonstrate that the respondent's duty to investigate is mandatory rather than discretionary. *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases). In fact, petitioner admits that the Bureau of Prisons has inherent discretion in these types of matters.

Petitioner states that his claim ". . . is not one to control or override the discretion of the BOP officials, but simply to be afforded the due process entitled to him." Pet. at 9 ¶ 2.

Petitioner requests expungement of the incident reports. *Id.* at 10 ¶ 1. Assuming *arguendo* that petitioner made a valid claim for mandamus, he would still not be entitled to such relief. Petitioner cites *Wolff v. McDonnell*, 418 U.S. 539, 573 (1988), in his own petition, which holds that due process requirements are not to be applied retroactively so as to require that prison records containing determinations of misconduct not in accord with required procedures be expunged. Pet. at 4 ¶ 2, 3; 6 ¶ 1.

The Court will grant petitioner leave to proceed *in forma pauperis* and deny the petition for a writ of mandamus. An Order accompanies this Memorandum Opinion.

DATE: August 17, 2018

United States District Judge